UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PASQUALE RAFFONE,                              :
    *Plaintiff*,                                     :
                                           :   CIVIL CASE NUMBER:
        v.                                             :
                                           :   3:15-cv-1173 (VLB)
EDWARD WEIHE, LANCE                            :
NEWKIRCHEN, and FAIRFIELD                      :   May 09, 2016
POLICE DEPARTMENT,                             :
    *Defendants*.                                  :

### Memorandum of Decision

Pasquale Raffone, pro se and incarcerated, brings this civil rights action against two police officers and a police department. He conclusorily asserts that the police officers conducted an unlawful search and seizure and later perjured themselves at an *in rem* proceeding. Defendants move to dismiss on the basis that the police officers are absolutely immune for their testimony, that the police department is a non-suable entity, and that the claims for unlawful search and seizure are time-barred. Raffone moves to add another officer (based on his purportedly false testimony) and an assistant state's attorney (for unarticulated reasons). As explained below, the Court GRANTS the motion to dismiss and DENIES the motion to amend.

### Factual and Procedural Background

In a complaint dated June 10, 2015, Raffone brought an action in Connecticut Superior Court against Officer Edward Weihe, Officer Lance Newkirchen, and Fairfield Police Department (collectively, "Defendants"). ECF No. 1-2. The complaint contains the following allegations. On May 19, 2012,

Officer Newkirchen "provided false information within his police report stating, 'this plaintiff admitted to using a bogus receipt to get items,'" but Raffone never admitted to doing so.  *Id.* at ¶ 4.  On the same date, Officers Weihe and Newkirchen conducted "an illegal search and seizure" of Raffone's vehicle.  *Id.* at ¶¶ 1, 6.  In 2014, Officer Weihe "gave false testimony at [Raffone's] *in rem* hearing regarding the search of [his] vehicle within the order of events as they actually occurred."  *Id.* at ¶ 3.  At the same hearing, Officer Newkirchen "gave false testimony as to confessing to the alleged shoplifting incident by [Raffone]," which resulted in Raffone's vehicle being turned over to the Fairfield Police Department.  *Id.* at ¶¶ 5, 7.  The judgment is being appealed.  *Id.* at ¶ 8.  Raffone seeks only monetary damages.  *Id.* at 3 (.pdf pagination).

Defendants properly removed here and now move to dismiss for failure to state a claim.  *See* ECF Nos. 1 (Notice of Removal); 20 (Mot.).  Defendants raise the following three arguments.  ECF No. 20-1.  Defendants Weihe and Newkirchen are absolutely immune from damages based on their testimony during the *in rem* proceeding.  *Id.* at 7–9.  The Fairfield Police Department is a non-suable entity.  *Id.* at 4–5.  The remaining claims for unlawful search and seizure are barred by the three-year limitations period.  *Id.* at 5–7.

Raffone opposes the first ground for dismissal on the basis that the doctrine of absolute immunity applies only to criminal trials.  ECF No. 26-1 at 5–6.  Raffone does not oppose the second ground and states that he reserves the right to refile an action against the Town of Fairfield.  *Id.* at 9.  Raffone challenges the

third basis for dismissal on two grounds. *Id.* at 2–5. He first challenges the date on which the cause of action accrued, arguing that it accrued when he learned that the search and seizure were unlawful. *Id.* at 4–5. He also seeks equitable tolling on the following grounds: the existence of two prior pending actions, his ignorance of the law, and Defendants' fraudulent concealment.[1] *Id.* at 2–5.

In a filing dated more than 21 days after Defendants moved to dismiss, Raffone moves to add two new parties: Sargeant Fred Hine, based on his "perjured testimony" during the *in rem* proceedings, and Assistant State's Attorney Tatiana Messina, for unexplained reasons. ECF No. 38. In Raffone's sur-reply, he alleges that Messina should be held liable for failing to object to the officers' false testimonies. ECF No. 36. Defendants oppose. ECF No. 41 (Opp'n).

## Legal Discussion

**I.   Subject-Matter Jurisdiction**

A defense based on common law immunity is properly asserted pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Giammatteo v. Newton*, 452 F. App'x 24, 28 (2d Cir. 2011) (reviewing prosecutorial immunity defense). When ruling on a Rule 12(b)(1) motion, a court may consider evidence outside the pleadings. *Dukes v. New York City Employees' Ret. Sys., & Bd. of Trustees*, 581 F. App'x 81, 82 (2d Cir. 2014) (citing *Makarova v. United States,* 201 F.3d 110, 113

---

[1] Raffone also asserts new arguments and evidence by way of sur-reply. ECF No. 36. Despite being procedurally improper, the Court has considered these filings, but the memorandum does not address them because they are irrelevant to the Court's bases for dismissal.

(2d Cir. 2000)). A defendant bears "the burden of showing that an exemption from personal liability is justified . . . by a tradition of common law practice existing at the time of the enactment of Section 1983." *Rateree v. Rockett*, 852 F.2d 946, 950 (7th Cir. 1988) (citing *Pulliam v. Allen,* 466 U.S. 522, 529 (1984); *Tower v. Glover*, 467 U.S. 914, 920 (1984)).

Raffone seeks monetary damages from Officers Weihe and Newkirchen for providing false testimony during an *in rem* proceeding. ECF No. 1-2 at ¶¶ 3, 5. Raffone correctly observes that *Briscoe v. LaHue,* 460 U.S. 325 (1983), addressed criminal proceedings, but its reasoning has far greater implications. The Supreme Court reasoned that "[t]he immunity of parties and witnesses from subsequent damages liability for their testimony in *judicial proceedings* was well established in English common law." *Id.* at 330–31 (emphasis added). And the concern animating this common law immunity—that is, "the claims of the individual must yield to the dictates of public policy, which requires that the paths which lead to the ascertainment of truth should be left as free and unobstructed as possible," *id.* at 332–33—is equally applicable to all judicial proceedings. *See Rolon v. Henneman*, 517 F.3d 140, 145 (2d Cir. 2008) ("The policy rationale for witness immunity, as articulated by the Supreme Court in *Briscoe,* applies with equal or near equal force in the arbitral context."). This immunity thus applies to civil as well as criminal proceedings. *Bilal v. Wolf*, 2009 WL 1871676, at *7 (N.D. Ill. June 25, 2009).

4

The claims for false testimony also implicate the *Rooker–Feldman* doctrine, which is "a bundle of rules named after the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), limiting federal appellate jurisdiction over state court decisions to the United States Supreme Court." *Canning v. Admin. for Children's Servs.*, 588 F. App'x 48, 49 (2d Cir. 2014) (citation and internal quotation marks omitted). It bars a plaintiff from seeking relief in federal court when he "(1) lost in state court, (2) seeks redress for injuries caused by a state court judgment, (3) invites district court review and rejection of that judgment, and (4) files suit after judgment has been entered in the parallel state proceedings." *Id.* The doctrine may be raised *sua sponte* because it goes to subject-matter jurisdiction. *Omotosho v. Freeman Inv. & Loan*, 2016 WL 1072208, at *4 (D. Conn. Mar. 9, 2016).

*Rooker–Feldman* applies. Raffone lost a property interest in the vehicle during *in rem* proceeding. *Id.* at ¶ 7. He now seeks monetary relief based on the "resulting in the loss of [the] vehicle" and the "value of vehicle and rental fees." *Id.* at 3 (.pdf pagination). Raffone invites review and rejection of the judgment in the *in rem* proceeding because "the relief sought may be granted only on the federal court's finding that the state court determined the issues before it erroneously." *Inkel v. Connecticut Dep't of Children & Families*, 421 F.Supp.2d 513, 522 (D. Conn. 2006) (addressing false testimony claims). Raffone filed this action ten months after appealing, which Raffone could only have done after the

entry of a final judgment.  *See State v. Curcio*, 191 Conn. 27, 30 (1983) ("The statutory right to appeal is limited to appeals by aggrieved parties from final judgments.").

II.     **Failure to State a Claim**

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011).  To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A district court, however, affords pro se litigants "special solicitude."  *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir. 2011).  Courts interpret the complaint "to raise the strongest claims that it suggests."  *Id.* (internal quotation marks and alterations omitted).  Further, "[a] *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal quotation marks and alterations omitted).  An amended complaint is rightfully dismissed when it fails to cure the defects noted in an initial review order.  *See Prezzi v. Schelter*,

469 F.2d 691, 692 (2d Cir. 1972).

  A. *Fairfield Police Department*

A Section 1983 claim contains two elements: "(1) 'the act complained of was committed by a person acting under color of state law'; and (2) 'this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Greenwich Citizens Comm. v. Counties of Warren & Washington Indus. Dev. Agency*, 77 F.3d 26, 29–30 (2d Cir. 1996) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Defendants correctly argue that a municipal police department is not a "person" within the meaning of Section 1983. *See Petaway v. New Haven Police Dep't*, 541 F.Supp.2d 504, 510 (D. Conn. 2008); *Nicholson v. Lenczewski*, 356 F.Supp.2d 157, 163 (D. Conn. 2005). Raffone thus cannot satisfy the first element, which requires the act complained of to be "committed by a person."[2]

  B. Search and Seizure Claims

The remaining claims concern an unlawful search and seizure occurring on May 19, 2012. ECF No. 1-2 at ¶¶ 1–2, 4, 6. Defendants move to dismiss these claims as barred by the three-year limitations period applicable to Section 1983 claims arising in Connecticut. ECF No. 20 at 5–7. The defense is properly raised

---

[2] A municipality, such as the Town of Fairfield, is subject to suit. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The Court, however, does not provide leave to amend to state a *Monell* claim. The complaint contains no factual allegations suggesting that the alleged deprivations arose out of an "official policy." *Id.* Raffone also fails to identify an actionable deprivation. *See Matican v. City of New York*, 524 F.3d 151, 154 (2d Cir. 2008).

on a motion to dismiss where, as here, the claims are facially time-barred and the tolling arguments fail as a matter of law. *See* 5 Wright & Miller, Federal Practice & Procedure § 1226 (3d ed. 2004) ("[T]he current trend in the cases is to allow [the statute of limitations defense] to be raised by a motion to dismiss under Rule 12(b)(6) when the defect appears on the face of the complaint."). Raffone raises two arguments. ECF No. 26-1 at 2–5. He first challenges the date on which the cause of action accrued, arguing that it does not accrue until he has reason to know of the illegality. *Id.* at 4–5. He also argues that the limitations period should be tolled because of two prior pending actions, his ignorance of the law, and Defendants' fraudulent concealment. *Id.* at 2–5.

Defendants correctly argue that the applicable limitations period is three years. *See Gojcaj v. Danbury*, 2016 WL 67688, at *5 (D. Conn. Jan. 5, 2016) ("In Connecticut, the appropriate limitations period for a Section 1983 claim is three years under Conn. Gen.Stat. § 52-577."). Defendants also correctly argue that under federal law claims for unlawful search and seizure arise at the time of the search or seizure.[3] *See Lynch v. Suffolk Cnty. Police Dep't, Inc.*, 348 F. App'x 672,

---

[3] A deferred accrual date under *Heck v. Humphrey*, 512 U.S. 477 (1994), does not come into play here because that rule does not apply to claims potentially barred by "anticipated future convictions." *Wallace v. Kato*, 549 U.S. 384, 393 (2007) (addressing false arrest claims); *Mallard v. Potenza,* 2007 WL 4198246, at *2–5 (E.D.N.Y. Nov. 21, 2007) (holding that *Wallace*'s limitation on *Heck*'s deferred accrual rule applies to unlawful search and seizure claims, and a claim of unlawful search and seizure accrues upon the search and seizure), *aff'd* 376 F. App'x 132, 133 (2d Cir. 2010)*.* This observation, however, leaves open the possibility that, under Connecticut law, tolling would kick in once a valid, impugning conviction exists. *Wallace* did not resolve this question. 549 U.S. at

675 (2d Cir. 2009) (unlawful seizure); *Spencer v. Connecticut*, 560 F.Supp.2d 153, 158–59 (D. Conn. 2008) (unlawful search).  Raffone's actual or constructive knowledge of the illegality is irrelevant.  *See Hueber v. McCune*, 2014 WL 2047763, at *6 (W.D.N.Y. May 19, 2014), *aff'd*, 589 F. App'x 9 (2d Cir. 2014).  The search and seizure occurred on May 19, 2012, and Raffone filed the instant action on June 10, 2015.  The claims are time-barred unless Raffone can show that tolling applies.

Tolling is a question of state law unless state rules would frustrate the goals of Section 1983.  *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007).  Raffone bears the burden of demonstrating tolling.  *See Boos v. Runyon,* 201 F.3d 178, 181 (2d Cir. 2000) ("The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff.").  In this case, Raffone offers no valid grounds for tolling under Connecticut law.

Raffone first asserts that tolling applies as a result of two prior pending actions—namely, the *in rem* proceeding and an action brought in small claims court.  ECF No. 26-1 at 2–3.  In Connecticut, "[t]he pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement."  *Cumberland Farms, Inc. v. Town of Groton*, 247 Conn. 196, 216 (1998).  This doctrine does not apply as a

---

394 ("Petitioner has not brought to our attention, nor are we aware of, Illinois cases providing tolling in even remotely comparable circumstances.").  The Court likewise does not decide this question.  Raffone bears the burden of demonstrating tolling, and even when liberally construing his reply, he has not argued that the search or seizure impugns an outstanding criminal conviction.

result of the *in rem* action because that action involved different subjects, parties, and relief. *See id.* at 217 (ruling that doctrine inapplicable based on prior administrative proceeding because monetary relief was unavailable in that proceeding). This doctrine does not apply as a result of the complaint brought in small claims court because that complaint would not bar a related federal court action raising federal claims. *See Miller v. Allaire*, 2006 WL 1610640, at *3 (Conn. Super. Ct. May 24, 2006) (declining to toll based on prior pending action brought in New York). Connecticut General Statute § 52-592, which permits the refiling of jurisdictionally defective claims within one year, also does not provide a grounds for tolling because the small claims action was dismissed more than a year before this complaint was brought. Assuming *arguendo* that either doctrine applies to the action filed small claims court, tolling does not save the search and seizure claims. The small claims action commenced on November 25, 2013 but was dismissed ten days later, on December 6, 2013. *See* SCC-514894. Raffone needs more than ten days to save his claims.

Raffone's second argument also fails. Ignorance of the law does not justify tolling in Connecticut. *See Taylor v. Office of Pub. Hearings for Comm'n on Human Rights & Opportunities*, 2009 WL 5777929, at *1 (Conn. Super. Ct. Oct. 6, 2009) ("A lack of the awareness of the law and procedures does not in itself constitute an extraordinary circumstance warranting equitable tolling even for those acting pro-se and claiming ignorance of the law or a lack of understanding of pro se procedures.").

With respect to his third and final argument, Raffone correctly notes that fraudulent concealment may serve as a basis for tolling under state law. *See J.F.C. Endeavors, Inc. v. Pioneer Steel Ball Co.*, 1999 WL 1314937, at *7 (Conn. Super. Ct. Dec. 14, 1999) ("Fraudulent concealment of a cause of action at common law and under General Statutes § 52-595 has the effect of tolling the applicable statute of limitations." (quotation marks and citations omitted)). This doctrine, however, requires "some affirmative act of concealment." *Id.* (quotation marks and citations omitted). Raffone's argument for tolling fails as a matter of law because he fails to plead or otherwise allege by way of reply any affirmative act by Defendants plausibly suggesting concealment. Raffone does not explain how Defendants' testimony during an *in rem* proceeding deliberately concealed (or indicated that Defendants had concealed) these causes of action. The acts of state court judge or the availability of witnesses unrelated to Defendants has nothing to do with Defendants' conduct.

III.   Motion to Amend

In a motion dated more than 21 days after Defendants moved to dismiss, Raffone moves to amend his complaint to add two new parties, and Defendants oppose. ECF Nos. 38 (Mot.); 41 (Opp'n). Under these circumstances, Raffone requires leave of court. *See* Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely granted "when justice so requires." *Id.* Justice requires amendment unless there has been "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Amendment would be futile. As already explained, witnesses are entitled to absolute immunity for testimony given during a judicial proceeding, including the *in rem* proceeding at issue in this case. Raffone also seeks to name Assistant State's Attorney Messina, but he does not provide any factual allegations with respect to her wrongdoing. Without asserting any purported basis for her liability, amendment would be futile because the claims would be dismissed for lack of personal involvement. Moreover, it appears that Raffone seeks to hold Assistant State's Attorney Messina liable for her in-court conduct, as with the police officers involved in the *in rem* proceeding, and she would be absolutely immune for such conduct. *Flagler v. Trainor*, 663 F.3d 543, 546 (2d Cir. 2011) ("Prosecutors are generally immune from liability under 42 U.S.C. § 1983 for conduct in furtherance of prosecutorial functions that are intimately associated with initiating or presenting the State's case."). Finally, both claims would be barred by *Rooker-Feldman* doctrine for the reasons already stated.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss and DENIES Raffone's motion to amend. The Clerk of Court is directed to enter a separate judgment in favor of Defendants and close this file.

IT IS SO ORDERED.

                                                        /s/
                                 **Vanessa L. Bryant**
                                 **United States District Judge**

**Order dated in Hartford, Connecticut on May 09, 2016.**